IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-00017-FL

| | | |
|---|---|---|
| M.P. SOUTHERN On behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| WAKEMED, | ) ) ) | |
| Defendant. | ) | |

This matter is before the court upon defendant's motion to dismiss for failure to state a claim. (DE 11). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R") wherein it is recommended that the court deny in part and grant in part defendant's motion. Plaintiff timely filed an objection to the M&R, (DE 35), and defendant responded. In this posture the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendations of the magistrate judge as its own and denies in part and grants in part defendant's motion.

**DISCUSSION**

A.     Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687

F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

Plaintiff raises a general objection that does not direct the court to a specific error in the magistrate judge's M&R. Specifically, plaintiff objects to the determination that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., preempts his state law claims.

Upon careful review of the M&R and the record in this case, the court adopts the analysis and conclusions of the M&R as its own. Plaintiff's breach of contract claims (Counts I–III) seek to enforce terms of plaintiff's ERISA-governed benefit plan and thus are completely preempted by ERISA § 502(a)(3). Plaintiff's remaining state law claims for unfair and deceptive trade practices (Count IV), breach of fiduciary duty (Count V), constructive fraud (Count VI), violation of North Carolina debt collection statute, N.C. Gen. Stat. § 75-54(4) (Count VII), conversion (Count VIII), and violation of N.C. Gen. Stat §§ 131E-91(b) and/or (c) (Count IX) are premised on rights and obligations directly tied to plaintiff's ERISA-governed benefit plan and thus are expressly preempted by ERISA § 514.

**CONCLUSION**

Based upon the foregoing, upon careful review of the M&R and the record, the court ADOPTS the recommendation of the magistrate judge as its own. The court LIFTS stay and

2

DIRECTS the clerk to continue management of this matter. An initial order regarding planning and scheduling will follow.

SO ORDERED, this the 30th day of March, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge